RECEIVED

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| M.B. A MINOR, AND M.B. 2, A MINOR WHO SUE BY AND THROUGH THEIR PARENTS, LEGAL REPRESENTATIVES AND NEXT FRIENDS MOSES BUTCHER, JR. AND CLAIR BUTCHER, HIS WIFE, | ) ) ) ) ) ) ) ) |
| PLAINTIFFS, | ) ) |
| V. | ) CIVIL ACTION NO. 2:17-CV-692-TFM ) |
| OUT BACK SERVICES, INC., ET AL, | ) ) ) |
| DEFENDANTS. | ) |

## NOTICE OF REMOVAL

Come now the Defendants, **CTW TRANSPORTATION SERVICES, INC.** and **GARY S. MCCALL**, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby give notice that this civil action is removed from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Middle District of Alabama, and in support thereof, state as follows:

1. The Plaintiffs filed this action in the Circuit Court of Montgomery

County, Alabama, on September 12, 2017 (CV-17-901429) seeking to recover damages for the alleged injuries to the two minor plaintiffs due to an accident on at the intersection of Troy Highway and Taylor Road in Montgomery County, Alabama with defendants' tractor-trailer. The plaintiffs seek to recover from out-of-state defendants CTW Transportation Services, Inc., Out Back Services, Inc. and driver Gary McCall for negligently and/or wantonly operating the tractor-trailer that was involved in the accident with plaintiffs. (See **Exhibit 1**, plaintiff's complaint). The plaintiffs also allege claims for negligent/wanton hiring, retention, supervision and training. (Ex. 1). The plaintiffs have also asserted claims against improper parties CTW Trucking Services and CTW Trucking, Inc. d/b/a CTW Trucking Services relative to the aforementioned accident. (Ex. 1). As discussed below, CTW Trucking Services and CTW Trucking, Inc. d/b/a CTW Trucking Services are fraudulently joined parties which should be disregarded for purposes of removal.

2. This notice is filed in the United States District Court for the Middle District of Alabama within the time allowed by law for the removal of actions to United States District Court. The documents attached hereto as "**Exhibit 1**", to Defendants' knowledge, constitute the entire court file in the civil action in the Circuit Court of Montgomery County, Alabama.

3. The Defendants file this notice of removal with the Court pursuant to 28

U.S.C. §§ 1441 and 1446 and assert federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. This action could have been brought originally in this Court pursuant to 28 U.S.C. § 1332. This notice of removal is timely filed because it is submitted within thirty (30) days of the day the Defendant received a copy of, or otherwise received notice of, the summons and complaint in this action. Accordingly, the prerequisites for removal pursuant to 28 U.S.C. § 1441 have been met.

4. Pursuant to 28 U.S.C. §1446(d), the Defendants show that a copy of this notice of removal is being filed with the Clerk of the Circuit Court of Montgomery County, Alabama. (**Exhibit 2**). Further, the Defendants represent to this Court that a copy of this notice of removal is also being served upon counsel for the Plaintiffs.

5. Complete diversity exists between the parties who have been **properly** named in this action. The Defendants assert that the Plaintiffs are citizens and residents of the State of Alabama. (Ex. 1, Complaint ¶ 1-4). Defendant McCall is a citizen and resident of the State of Kansas. (Ex. 1, Complaint ¶ 9). Defendant CTW Transportation Services, Inc. is a foreign trucking corporation incorporated under the laws of Missouri with its principle place of business in Kansas City, Missouri. (Ex. 1, Complaint ¶ 6). Defendant Out Back Services, Inc. is foreign corporation with its principle place of business in Merriam, Kansas. (Ex. 1, Complaint ¶ 5). Thus, Defendants McCall, CTW Transportation Services, Inc. and Out Back Services, Inc.

are not citizens of the State of Alabama for the purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). Defendant Outback has consented to the removal of this lawsuit. (**Exhibit 3**).[1] Finally, Defendants assert that defendants CTW Trucking Services and CTW Trucking, Inc. d/b/a CTW Trucking Services are **fraudulently joined** non-diverse defendants because the Plaintiffs cannot prove a cause of action against them as there is no connection between these entities and the diverse defendants. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

6. Even when complete diversity between plaintiffs and defendants in a single action does not exist, the judicially created doctrine of fraudulent joinder provides an exception to the complete diversity requirement. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). **Co-defendants CTW Trucking Services and CTW Trucking, Inc. d/b/a CTW Trucking Services should not be considered for purposes of determining complete diversity because they have been fraudulently joined in this action to destroy jurisdiction.** See Jacqueline Henderson v. Washington National Ins. Co., 454 F.3d 1278 (11th Cir. 2006)(when a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant

---

[1] Defendants CTW Trucking Services and CTW Trucking, Inc., as a fraudulently joined defendants, do not have to consent to removal. GMFS, L.L.C., v. Bounds, 275 F. Supp. 2d 1350 (S.D. Ala. 2003); Hart v. Yamaha-Parts Distributors, Inc., 787 F.2d 1468, 1469-70 (11th Cir. 1986)

and deny any motion to remand the matter back to state court). The Eleventh Circuit applies a three-fold test for determining whether a defendant has been fraudulently joined: the removing party must show either (1) **there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant**; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts; or (3) **where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant**. Cope v. American International Group, 2006 U.S. Dist. LEXIS 8040 (M.D. Ala. Feb. 9, 2006); see also Triggs, 154 F.3d at 1287 (emphasis added).

7. In the instant case, the plaintiffs cannot prove any cause of action against non-diverse defendants CTW Trucking Services and CTW Trucking, Inc. d/b/a CTW Trucking Services. These entities have no relationship to the instant matter. (See **Exhibit 4**, Affidavit of William Hanson). More specifically, the truck that was operated by Defendant McCall was owned by Out Back Services, Inc. (Ex. 4). The trailer that was attached to the subject truck operated by Mr. McCall was owned by CTW Transportation Services, Inc. (Ex. 4). Mr. McCall was an independent contractor under contract for Out Back Services, Inc. at the time of the subject accident. (Ex. 4). Out Back Services, Inc. was operating under CTW Transportation Services, Inc.'s DOT number at the time of the subject accident. (Ex. 4). CTW

Trucking Services and CTW Trucking, Inc. d/b/a CTW Trucking Services, the fraudulently joined defendants, have no ownership interest in the truck or trailer operated by Mr. McCall that was involved in the subject accident and have no relationship with CTW Transportation Services, Inc. (Ex. 4). To be clear, CTW Transportation Services, Inc., Gary McCall and Out Back Services, Inc. are the properly named defendants and none are residents/citizens of Alabama. CTW Trucking Services and CTW Trucking, Inc. d/b/a CTW Trucking Services have nothing to do with the parties, the vehicles or the subject accident and are improperly and fraudulently joined defendants. As such, these fraudulently joined parties are not sufficient to defeat removal. See Culpepper v. Stryker Corp., 968 F. Supp. 2d (M.D. 2013) (remand was denied because a salesman was fraudulently joined to defeat *28 U.S.C.S. § 1332* complete diversity since the patient could not establish a product liability claim against him under the Alabama Extended Manufacturer's Liability Doctrine or a misrepresentation, suppression, concealment, or deceptive trade practices claim as there was no connection between the salesman and the device since he had no involvement with the device and never sold products to the patient's hospital or doctor.); Accordino v. Wal-Mart Stores E., 2005 U.S. Dist. LEXIS 34328 (M.D. FL. 2005) (plaintiff failed to offer evidence contradicting the manager's sworn statement that he was absent from the store on the date of the customer's fall, he did not personally participate in the events, and he did not have any knowledge of the

conditions surrounding the accident. The customer failed to establish any cause of action against the manager of a retail store in his individual capacity under any unpleaded alternative claims. Thus, the court had subject matter jurisdiction over the claim under *28 U.S.C.S. § 1332(a).*).

8. Based upon the clear precedent law cited above and the fact that no cause of action can be asserted against parties that have nothing to do with the plaintiff's claims, it is patently obvious that CTW Trucking Services and CTW Trucking, Inc. d/b/a CTW Trucking Services have been fraudulently joined to this action and, no **properly** named defendant is a citizen of the State of Alabama. Without waiver of any defenses or objections, including but not limited to, improper service of process, venue, or lack of personal jurisdiction, the Defendants submit this notice of removal.

9. The amount in controversy in this action exceeds the jurisdictional threshold of $75,000.00, exclusive of interests and costs. In Roe v. Michelin, the 11th Circuit Court of Appeals explained a defendant's burden where a complaint is silent as to the amount of damages sought (as is the complaint is in this case):

> If a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper. *See, e.g.,* Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2010). In other cases, however, it

may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when "the complaint does not claim a specific amount of damages." See id. at 754 (quoting Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)).

If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. Id. at 771. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy. See id. (Explaining that "sometimes the defendant's evidence on the value of the claims will be even better than the plaintiff's evidence," and that a court may use its judgment to determine "which party has better access to the relevant information.").

Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. See Id. at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." See Id. at 770 (quoting Roe v. Michelin N. Am., Inc., 637 F.Supp. 2d 995, 999 (M.D. Ala. 2009)); see also Williams, 269 F.3d at 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. This approach is consistent with those of other circuits.

Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061-62 (11th Cir. 2010).

10. In the complaint, both minor plaintiffs allege they suffered "**severe and life threatening injuries.**" (Complaint, ¶ 15). Additionally, both Plaintiffs seek an

award of compensatory and punitive damages. (*See* Ex. 1.) These averments establish the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See Bush v. Winn Dixie Montgomery, LLC, No. 2:15-cv-1133-WMA, 2015 U.S. Dist. LEXIS 115272, at *3 (N.D. Ala. Aug. 31, 2015) (citing Roe v. Michelin) (though complaint lacked ad damnum clause, its allegations that plaintiff incurred medical expenses for "pain and suffering, permanent injuries, continuing injuries, and mental anguish" were sufficient to establish the amount in controversy); Memorandum Opinion and Order at 7-8, Dina Coleman v. Dollar General Corp., No. 2:15-cv-01735-KOB (N.D. Ala. Dec. 18, 2015) (denying motion to remand where complaint alleged "extreme pain and mental anguish, substantial medical expenses, and permanent injury"); Smith v. State Farm & Casualty Co., 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that "plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will not accept more. Otherwise, a plaintiff will find herself in federal court, which is now saddled by Congress with a new and heavy burden"); Green v. Wal-Mart Stores East, L.P., No. 2:14-cv-1684-WMA, 2014 WL 6792043 (N.D. Ala. Dec. 2, 2014) (holding that "[i]n her complaint, [plaintiff] . . . alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive

damages. Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.00. Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000"). See also Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (U.S. 2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.")

11. The Defendants cannot be deprived of their right to remove this cause to the United States District Court by Plaintiffs' failure to demand a specific monetary figure. See Steele v. Underwriter's Adjusting Co., Inc., 649 F. Supp. 1414 (M.D. Ala. 1986).

12. In the event the Plaintiffs dispute that the amount in controversy exceeds the jurisdictional requisite, the Defendants request leave to conduct discovery to determine the extent of the Plaintiffs' claim to damages.

13. There are fictitious party Defendants designated in the Complaint. However, 28 U.S.C. § 1441(a) provides that "for purposes of removal under this Chapter, the citizenship of Defendants sued under fictitious name shall be disregarded."

14. In sum, the only **properly** named defendants as of the filing date of this notice of removal are CTW Transportations Services, Inc., Gary McCall, and Out back Services, Inc. (Defendants assert that CTW Trucking Services and CTW Trucking, Inc.

d/b/a CTW Trucking Services have been fraudulently joined as outlined above). Therefore, there is complete diversity of citizenship between the Plaintiffs and the properly named Defendants and the jurisdictional sum or value exceeds Seventy-Five Thousand Dollars and No Cents ($75,000.00).

WHEREFORE, the Defendants give notice that the above-action now pending against them in the Circuit Court of Montgomery County, Alabama, is removed therefrom to this Court.

Respectfully Submitted,

ANDREW P. ANDERSON
Attorney for Defendants McCall and
CTW Transportation Services, Inc.

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon the following via US Mail and Pacer, on this the 12th day of October, 2017:

LaBarron N. Boone
218 Commerce Street
Montgomery, AL. 36103-4160

CTW Trucking, Inc.
611 Highland Ave.
Wadley, AL. 36276

Out Back Services, Inc.
5234 Merriam Drive
Merriam, KS 66203

_____
Of Counsel